IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

    Petitioner,                      No. CIV S-12-0847 GGH P

    vs.

MIKE McDONALD,

                                 ORDER

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner either challenges the 2010 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole or his underlying 1980 conviction. This case is before the undersigned pursuant to petitioner's consent. Doc. 7.

        On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable

1

application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence"

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

rule into a substantive federal requirement." Id., at 862. The Ninth Circuit recently noted that in light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Thus, there is no federal due process requirement for a "some evidence" review and federal courts are precluded from review of the state court's application of its "some evidence" standard.

Petitioner's sole claim is regarding his plea. Petitioner states he pled guilty and was sentenced to 15 years but has been incarcerated for 30 years, which is in violation of his plea deal. To the extent petitioner is challenging his underlying conviction, any such challenge fails.

Court records reveal that petitioner challenged this conviction in a 2001 federal habeas petition on similar grounds, which was denied as untimely. S-01-6120 OWW SMS.[3] Records also indicate that petitioner has filed several other petitions that contained exact duplicate claims from the instant petition or slightly altered variations. All these petitions were also denied as successive or as time barred. S-05-0949 REC SMS, S-06-0320 OWW SMS, S-09-0765 OWW SMS, S-10-0925 LKK KJM, S-10-3478 GGH .[4]

The undersigned also notes that in the instant petition, petitioner alleges that he pled guilty to a 15 year sentence, not a life sentence. However, in his earlier petitions, petitioner indicated that he pled guilty to an indeterminate sentence of 17 years to life, as is reflected by the August 21, 1980, Judgment of Commitment. Petition at 209. In those earlier petitions, he attacked the underlying plea while the later petitions he began attacking the length of his incarceration being longer than the alleged plea. It appears that petitioner is not being candid with the court. Petitioner's plea was not violated so this claim fails and is dismissed.

\\\\\

---

[3] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[4] Petitioner is also Three Strikes Barred with respect to civil filings.

If petitioner is challenging his denial of parole in that he has been in prison beyond 17 years, any such claims fails as petitioner's sentence was a 17 years to life, with the possibility of parole. As a general matter, "so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990). Here, petitioner has not established that his sentence exceeds the statutory maximum. Petitioner's sentence of 17 years with the possibility of parole carries no guaranteed parole date, and carries with it the potential that he could serve the entire term. See Pearson v. Muntz, 639 F.3d 1185, 1187 (9th Cir. 2011) (explaining that prisoners serving indeterminate life prison sentences [i.e., those whose life sentences do not include 'without the possibility of parole'] may serve up to life in prison, but may be considered for parole after serving minimum terms of confinement).

To the extent that petitioner is raising a proportionality challenge to his sentence, he fares no better. First, parole eligibility proceedings do not determine the sentence. The 17 year to life sentence was imposed by the state *court* many years ago. The denial of parole eligibility by the BPH does not implicate the sentence given. Moreover, even if petitioner's sentence could be reviewed in the context of a parole eligibility decision, with the exception of capital cases, successful Eighth Amendment challenges to the proportionality of a sentence have been "exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272, 100 S.Ct. 1133 (1980); Ramirez v. Castro, 365 F.3d 755, 756-57 (9th Cir. 2004). The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. Harmelin v. Michigan, 501 U.S. 957, 1001, 111 S.Ct. 2680 (1991) (Kennedy, J., concurring). In Hamelin, the Supreme Court upheld a sentence of life imprisonment with no possibility of parole for a first offense crime of possession of 672 grams of cocaine as not being disproportionate. Id. at 1009. Petitioner's second degree murder and robbery convictions are much more serious.

\\\\\

\\\\\

4

Accordingly, IT IS HEREBY ORDERED that:

1. This petition is denied for the reasons discussed above;

2. Petitioner's motion to appoint counsel (Doc. 10) is denied as moot; and

3. A certificate of appealability is not issued in this action.

DATED: April 25, 2012

                                        /s/ Gregory G. Hollows
                          UNITED STATES MAGISTRATE JUDGE

GGH: AB
brow0847.parole.scrnII